IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSHA McDEVITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05-166 |
| ) | |
| COMMONWEALTH OF ) | JUDGE KIM R. GIBSON |
| PENNSYLVANIA DEPARTMENT OF ) | |
| CORRECTIONS—STATE ) | |
| CORRECTIONAL INSTITUTION AT ) | |
| CRESSON; JEFFREY BEARD; MICHAEL ) | |
| WOLLANIN; JOHN MARKEL; ) | |
| RAPHAEL K. CHIEKE; HARRY ) | |
| WILSON; MICHAEL KNOTT; ) | |
| ELIZABETH ECKENRODE; FREDERICK ) | |
| KNAB; DAVID JADLOCKI; DUANE A. ) | |
| HARRIS; PENNSYLVANIA STATE ) | |
| CORRECTIONS OFFICERS ) | |
| ASSOCIATION; SHAWN HOOD; ) | |
| DONALD McNANY; JOE FOX, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION and ORDER

**I. Introduction**

Marsha McDevitt ("McDevitt" or "Plaintiff") filed a Complaint (Document No. 1) against Defendants on March 4, 2005. Her Amended Complaint (Document No. 3) was filed as of right on June 3, 2005, and alleged claims under the United States Constitution, Title VII of the Civil Rights Act of 1964, and the Pennsylvania Human Relations Act ("PHRA").

The Commonwealth of Pennsylvania Department of Corrections ("Department"), Elizabeth Eckenrode, Jeffrey Beard, Duane Harris, David Jadlocki, Michael Knott, Raphael K. Chieke, John Markel, and Michael Wollanin (collectively, "Answering Defendants") answered the Amended

1

Complaint on September 29, 2005. Document No. 12. On February 9, 2006, four other defendants—the Pennsylvania State Corrections Officers Association ("PSCOA" or "Union") and Union officials Donald McNany ("McNany"),[1] Shawn Hood ("Hood"), and Joe Fox ("Fox") (collectively, "Objecting Defendants")—filed the motion currently before the court, requesting dismissal of the Amended Complaint under FED. R. CIV. P. 12(b).[2] Document No. 21. The Motion seeks the 12(b)(6) dismissal of Counts I, II, and V of the Amended Complaint as to PSCOA and the 12(b)(1) dismissal of Count V as to McNany, Hood, and Fox.

## II. Applicable Standard

When analyzing a 12(b)(6) motion, the issue is not whether the plaintiff will prevail at the end but only whether she should be entitled to offer evidence to support her claim. *Lake v. Arnold*, 112 F.3d 682, 688 (3d Cir. 1997); *Niami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A court may only dismiss a complaint if it is clear that relief would not be available under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1957). The Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *D.P. Enters., Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943 (3d Cir. 1984).

When a 12(b)(6) motion is granted, a district court generally should not dismiss the civil action but instead provide the claimant at least one opportunity to amend the defective complaint. However, when further amendment would be futile, an action or claim may be dismissed with prejudice and that

---

[1] Incorrectly identified in the Amended Complaint as "Daniel McNany."

[2] Two other defendants, Harry Wilson and Frederick Knab, have not filed any response to the Amended Complaint. The only appearance in this matter by either is the inclusion of Harry Wilson in two motions to extend time to complete discovery. Document Nos. 25 & 29.

plaintiff barred from raising it again. *Heller v. Fulare*, 371 F. Supp. 2d 743, 746 (W.D. Pa. 2005) (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004)).[3]

## III. Factual History

Plaintiff, a former Corrections Officer at the State Correctional Institution at Cresson, initially alleges in Count I that she was subjected to discriminatory and harassing conduct—including a sexual assault—at the hands of other officers. According to the Amended Complaint, PSCOA took retaliatory measures against McDevitt after she complained to the Equal Employment Opportunity Commission about her coworkers' behavior. The discrimination and retaliation apparently increased once those complaints ripened into EEOC charges. Plaintiff also claims that PSCOA officials impermissibly obtained certain information "in violation of rules and law in an effort . . . to protect [the sexual assailant] because he was a 'union brother.'" Document No. 3, ¶ 60. Additionally, the Objecting Defendants violated McDevitt's rights by refusing "to afford Plaintiff the same benefits, privileges and representation provided to male members similarly situated and to which Plaintiff's membership entitled her;" refusing "to honor Plaintiff's requests for representation and assistance to which she was entitled;" and conspiring "to promote the interests of [the sexual assailant], a male, in preference to the legitimate interests of Plaintiff, a woman." *Id.* at ¶¶ 71(x), (aa), (cc). McDevitt claims that Defendants' behavior

> had the purpose and effect of being discriminatory, offensive, intimidating and unwelcome to the Plaintiff and constitutes a hostile and abusive work environment for females, and was discriminatory, and interfered with her ability to do her job, and adversely and severely impacted the terms and conditions of her employment and was done with reckless indifference to Plaintiff's Federal and State statutory and other legal rights.

---

[3] As discussed below, the Court will analyze the Union managers' motion to dismiss for lack of subject-matter jurisdiction under the Rule 12(b)(6) standard as well. *See supra*, Section IV.C.

3

*Id.* at ¶ 72.

Count II makes no additional factual allegations but raises state law claims against PSCOA for sexual harassment and discrimination in violation of the PHRA. McDevitt also avers that union officials McNany, Hood, and Fox failed to represent her interests in the dispute with the Department of Corrections, as they were required to do by the governing collective bargaining agreement. Count V therefore states a violation of Plaintiff's rights under the Fourteenth Amendment and Title VII of the Civil Rights Act of 1964, and seeks relief under 42 U.S.C. §§ 1983 and 1985.

## IV. Discussion

### A. Count I

PSCOA first claims that Count I does not "name the statutory or legal basis for Plaintiff's accusations." Document No. 21, ¶ 5. The Court notes, however, that Count I specifically identifies sexual discrimination and harassment, the United States Constitution, and the Civil Rights Act of 1964 in its prayer for relief. Document No. 3, ¶ 81. That the term "Title VII" is not specifically mentioned does not prevent Plaintiff from stating a claim for workplace gender discrimination when the nature of the suit is evident from the pleaded allegations. "[A] plaintiff need not allege the exact statutory or constitutional basis for his or her claim." *Cont'l Cas. Co. v. Diversified Indus.*, 884 F. Supp. 937, 962 (E.D. Pa. 1995) (citing, *inter alia*, *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1992)). *See also Hammie v. Social Sec. Admin.*, 765 F. Supp. 1224, 1227 n.4 (E.D. Pa. 1991) ("[P]laintiffs are required to plead facts, not legal theories." (citing *Evans Prods. Co. v. W. Am. Ins. Co.*, 736 F.2d 920, 923 (3rd Cir. 1984))).

To recover on her Title VII discrimination claim, McDevitt must first establish a *prima facie* case by demonstrating that she is a member of a protected class, that she was qualified for the position from which she was terminated, and that "nonmembers of the protected class were treated more

4

favorably." *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 318-19 (3d Cir. 2000) (citations omitted). "At the pleading stage, however, the plaintiff need only set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief' as required by Federal Rule of Civil Procedure Rule 8(a)(2)." *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004).

The principle basis of the Motion to Dismiss Count I appears to be that "[t]here are absolutely no specifics plead." Document No. 21, ¶ 19. PSCOA claims that

> [a]lthough Plaintiff asserts that she suffered from adverse actions, she does not offer any specifics in this regard. . . . [S]he does not identify what rights or privileges were denied her [that] were extended to male [union] members. . . . [She] does not identify what requests [of the Union] she is referring to [and] when, how and by whom they were denied. . . . [And] in offering the conclusions that [PSCOA's] conduct was 'discriminatory, offensive, intimidating, unwelcome' and done with 'reckless indifference, Plaintiff conspicuously fails to assert the conduct that underlies these conclusions.

*Id.* at ¶¶ 15–17, 19. Such objections demonstrate how PSCOA fails to appreciate the nature of FED. R. CIV. P. 8 and the notice pleading that the Federal Rules advance. "Simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures . . . to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). "[A] claimant does not have to set out in detail the facts upon which a claim is based, but must merely provide a statement sufficient to put the opposing party on notice of the claim." *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001).

Given that all facts in the Amended Complaint are assumed to be true, and that the Court is obligated to make all reasonable inferences in the nonmovant's favor, McDevitt easily satisfies the minimal pleading requirements imposed on her at the outset of this suit. Plaintiff's gender evinces her membership in a protected class; she was terminated from her job for allegedly pretextual reasons,

establishing the adverse employment action and implying that she was otherwise qualified for the position; and she alleges at several points in the Amended Complaint that similarly situated nonmembers of her protected class were treated more favorably. *See, e.g.*, Document No. 3, ¶¶ 71(n), (o), (p). If unopposed, McDevitt's allegations would in all likelihood establish a *prima facie* Title VII case.

The federal rules are intended to advance disputes through the pleadings stage and into the investigative phase of litigation. Plaintiff has provided all Defendants with adequate notice of the claims and theories on which her lawsuit is grounded. To the extent that Defendants would like more information on the factual history that prompted this case, they will have the opportunity to request as much in discovery. For immediate purposes, McDevitt has met the standards she is held to and PSCOA's attempt to have Count I dismissed for failure to state a claim must therefore be denied.

### B. Count II

PSCOA also requests the Rule 12(b)(6) dismissal of Count II, in which Plaintiff claims a violation of her rights under the Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.*[4] Document No. 21, ¶ 26. "The Pennsylvania Human Relations Act, which was modeled after Title VII, is analyzed the same as Title VII cases." *Doe v. Kohn Nast & Graf, P.C.*, 862 F. Supp. 1310, 1323 (E.D. Pa. 1994). *See also Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997) (applying the Title VII framework to both the federal and state analyses attending plaintiff's retaliatory firing claims); *Chmill v. Pittsburgh*, 412 A.2d 860, 871 (Pa. 1980) ("[The PHRA] should be construed in light of principles of fair employment law which have emerged relative to the federal statute." (citation omitted)).

Because McDevitt's state law claim against PSCOA is analyzed in the same manner as her Title

---

[4] The PHRA states: "It shall be an unlawful discriminatory practice . . . [f]or any employer because of the race, color, religious creed, ancestry, age, [or] sex . . . of any individual . . . to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual. . . ." 43 P.S. § 955(a).

6

VII claim, the Union contends that it also must be dismissed under 12(b)(6) due to Plaintiff's failure to establish a *prima facie* case of discrimination. However, as explained in this Memorandum Opinion, Plaintiff has sufficiently pleaded her claim against PSCOA under the Civil Rights Act of 1964. Therefore, the Union's Motion to Dismiss Count II must also be denied.

### C. Count V

To the extent that Count V repeats the Title VII claim against PSCOA, it must be sustained in accordance with the foregoing analysis. But Count V also alleges that "the conduct of [Objecting Defendants] was discriminatory and deprived Plaintiff of her constitutional rights under the Fourteenth Amendment, and her rights under Title VII, subjecting Defendants to liability under 42 U.S.C. §§ 1983 and 1985." Document No. 3, ¶ 102.

The Court first notes that the Motion to Dismiss Count V as against the Union managers is most appropriately raised under FED. R. CIV. P. 12(b)(6). The Objecting Defendants claim that the Third Circuit's conclusion restricting Title VII liability to qualifying employers deprives the Court of subject matter jurisdiction to hear Plaintiff's Title VII claim against individual employees. Document No. 21, ¶ 28 (citing *Sheridan v. E.I. DuPont de Nemours*, 100 F.3d 1061, 1077 (3d Cir. 1996). When jurisdiction is predicated on 28 U.S.C. § 1331, however, the alleged violations of Federal law are sufficient to empower the Court to hear all claims and arguments arising therefrom. *Boyle v. Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 74 (3d Cir. 1991) ("[O]nce the plaintiff has alleged that the defendant's actions violated requisite federal law, the truth of the facts alleged in the complaint, as well as their legal sufficiency . . . is a question on the merits." (citations omitted)). Whether Plaintiff may recover the relief she seeks from the Defendants she names will only determine if she has properly stated a claim. It will not impact the breadth of the Court's power to adjudicate that claim. *Cf. Arbaugh v. Y & H Corp.*, ___ U.S. ___, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (holding

7

that the numerosity requirement in Title VII is not jurisdictional). Therefore, the Court will consider the PSCOA managers' Motion to Dismiss as one arising from Rule 12(b)(6).

As such, the Motion must be granted. Title VII of the Civil Rights Act of 1964 states that:

> It shall be an unlawful employment practice for an employer—
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . .

42 U.S.C. § 2000e-2(a)(1). In *Sheridan*, the Third Circuit considered whether the term "employer," as used in the statute, included individual employees as well. Surveying the judicial landscape, the court found that the vast weight of appellate authority rejected this proposition and agreed that "individual employees cannot be held liable under Title VII." *Sheridan*, 100 F.3d at 1077. Though some litigants in other circuits have successfully stated Title VII claims against individual defendants, *see, e.g., Wyss v. General Dynamics Corporation.*, 24 F. Supp. 2d 202 (D.R.I. 1998), *Sheridan* remains binding on this Court. Accordingly, McDevitt's legal inability to establish the Title VII liability of McNany, Hood, or Fox, compels the prejudicial dismissal of Count V as stated under that statute against those Defendants.

By the most reasonable construction of Count V, however, Plaintiff also pleads § 1983 claims against the Objecting Defendants for violating her Fourteenth Amendment rights, as well as a § 1985 conspiracy claim.[5] It is well-settled that § 1983 liability can attach to individual defendants,[6] and McDevitt need not necessarily allege in her § 1983 claim that PSCOA, McNany, Hood, and Fox were state actors. "[A] private party who willfully participates in a joint conspiracy with state officials to

---

[5] In her Response to the Motion *sub judice*, Plaintiff states that Defendants' conduct also violated her First Amendment rights. Document No. 23, p.5. The Motion to Dismiss does not target any free speech issues, however, and the Court chooses not to *sua sponte* assess the sufficiency of a claim that the Objecting Defendants do not address.

[6] "Every *person* who, under color of any . . . custom, or usage, of any State . . . subjects . . . any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983 (emphasis added). *See also Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (holding that state officials sued in their individual capacities are "persons" within the meaning of § 1983).

8

deprive a person of a constitutional right acts 'under color of state law' for purposes of § 1983." *Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998) (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980)). For purposes of a motion to dismiss, the Court is able to reasonably infer the existence of a conspiracy from the impermissible contact between Union managers and Department employees. *Id.* at ¶ 60. Plaintiff's pleading obligations under Federal Rules 8 and 12 are therefore met if she has alleged that Defendants engaged in a campaign to deprive her of the equal protection of law, that such conduct was based solely on Plaintiff's membership in a protected class, and that similarly situated persons have not been similarly treated. *Thomas v. Independence Twp.*, No. 05-2275, slip op. at 16-17 (3d Cir. Sept. 14, 2006).

The Court finds these basic notice-pleading requirements easily met in Plaintiff's Amended Complaint. To the extent that the elements of a § 1983 claim trace those of Title VII, the Court has already reviewed the sufficiency of the Amended Complaint. *See infra*, section IV.A. Plaintiff's membership in a protected class is self-evident, and McDevitt also alleges a long series of actions by all Defendants—including those represented in the Motion *sub judice*—that "refus[ed] Plaintiff, a woman, the same privileges and benefits granted to similarly situated male employees...." Document No. 3, ¶ 71(n). *See also id.* at ¶¶ 71(o) and (p). The Amended Complaint also states that Defendants' conduct "had the purpose ... of being discriminatory." *Id.* at ¶ 72. Plaintiff therefore has pleaded a campaign of discriminatory behavior with the necessary specificity under the Federal Rules and applicable Circuit precedent. Defendants' Motion to Dismiss must therefore be denied as to Plaintiff's § 1983 claim.

A legal action under § 1985 is available for the victim of a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a claim

9

under § 1985, McDevitt must allege

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Farber v. City of Paterson*, 440 F.3d 131 (3d Cir. 2006) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29, 103 S. Ct. 3352, 77 L. Ed. 2d 1049 (1983)).

Again, from the factual allegations contained in the Amended Complaint and the reasonable inferences the Court draws therefrom, Plaintiff has met her pleading requirements with respect to her § 1985 claims. As mentioned, the existence of a conspiracy is evident from Plaintiff's allegations of concerted action between Union officials and Department employees. Document No. 3, ¶ 60. Additionally, McDevitt expressly alleges a conspiracy among the Objecting Defendants. *Id.* at ¶ 71(cc). The Amended Complaint also asserts that the "workplace conduct of [all Defendants] had the purpose and effect of being discriminatory, offensive, intimidating and unwelcome to the Plaintiff and constitutes a hostile and abusive work environment for females, and was discriminatory. . . ." *Id.* at ¶ 72. Acts in furtherance of the conspiracy abound throughout the Amended Complaint and the injury to Plaintiff is clear from her loss of employment. Having adequately notified Defendants of the claims against them, informed Defendants of the factual allegations supporting those claims, and satisfied the standards set forth in governing authority, McDevitt is thus entitled to have the Court sustain her § 1985 claim against PSCOA, McNany, Hood, and Fox.

## V. CONCLUSION

For the reasons stated herein, the Motion to Dismiss must be granted with respect to Plaintiff's Title VII claims against Defendants McNany, Hood, and Fox, and denied in all other respects.

An appropriate Order follows.

**AND NOW**, this 18th day of October, 2006, upon consideration of the Motion to Dismiss the Complaint filed by Defendants Pennsylvania State Corrections Officers Association, Donald McNany, Shawn Hood, and Joe Fox (Document No. 21), it is **HEREBY ORDERED** that the Motion is **GRANTED** in part and denied in part: The Title VII claims against Defendant Donald McNany (improperly identified in the Amended Complaint as Daniel McNany), Defendant Shawn Hood, and Defendant Joe Fox are **DISMISSED**; in all other respects, the Defendants' Motion to Dismiss is **DENIED**.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES JUDGE**

**Cc: All counsel of Record**