IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSHA McDEVITT,<br>        Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF<br>PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS-STATE<br>CORRECTIONAL INSTITUTION AT<br>CRESSON; JEFFREY BEARD; MICHAEL<br>WOLLANIN; JOHN MARKEL;<br>RAPHAEL K. CHIEKE; HARRY<br>WILSON; MICHAEL KNOTT;<br>ELIZABETH ECKENRODE; FREDERICK<br>KNAB; DAVID JADLOCKI; DUANE<br>HARRIS; PENNSYLVANIA STATE<br>CORRECTIONS OFFICERS<br>ASSOCIATION; SHAWN HOOD;<br>DONALD McNANY; JOE FOX,<br>        Defendants. | CIVIL ACTION NO. 3:05-166<br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION & ORDER

### I. INTRODUCTION

Now before the Court is a Motion to Amend Answer (Document No. 57) filed by Defendants Commonwealth of Pennsylvania, Department of Corrections – SCI Cresson ("DOC"), Beard, Wollanin, Markel, Chieke, Wilson, Knott, Eckenrode, Jadlocki, and Harris (collectively, "Moving Defendants" or "Movants")[1] and the Response thereto (Document No. 58) filed by Plaintiff Marsha McDevitt ("Plaintiff" or "McDevitt").[2] As the Court writes merely for the Parties' benefit, it will recite only the

---

[1] Defendants Pennsylvania State Corrections Officer Association, McNany, and Fox are represented separately and have not joined the Motion *sub judice*. Defendant Knab has made no appearance in this lawsuit.

[2] Not under consideration is the Moving Defendants' Reply (Document No. 58), which was filed without leave, in violation of this Court's practices and procedures. *See* Biography and Practices and Procedures of Judge Kim R. Gibson, Section II.B, *available at* http://www.pawd.uscourts.gov/Documents/Public/Reference/gibson.pdf.

1

relevant factual and procedural history. The Moving Defendants seek leave of Court to add two affirmative defenses to their Answer (Document No. 12). First, the Moving Defendants request leave of Court to plead the defense of *res judicata* and/or collateral estoppel, stemming from a prior adjudication "by the State Civil Service Commission of plaintiff's appeal of her termination." Document No. 57, p. 4. Second, the instant Motion seeks to add the affirmative defense of accord and satisfaction, given Plaintiff's earlier "settlement of her Heart and Lung Act claim whose provisions [she] personally endorsed [releasing] all of the claims now brought in this action. . . ." *Id.* Alternatively, Movants argue that their failure to plead affirmative defenses does not prevent the Court from considering those arguments at the summary judgment stage.[3] *Id.* at 2-3.

The Moving Defendants seek to excuse their incomplete Answer by referencing "counsel's lack of prescience" and claiming that "the full implications of the facts supporting their assertion were not apparent until the case was fully developed in discovery and the appropriate legal research was completed." *Id.* at 2. The transcript of the Civil Service Appeal was received from Plaintiff during discovery and the transcript of McDevitt's Heart and Lung Act claim was not "secured" until December 2006. *Id.* at 3. Movants therefore claim they could not have stated the related affirmative defenses when they filed their Answer in September 2005. *Id.* at 3. The Moving Defendants also argue that amendment cannot prejudice Plaintiff, because correspondence from DOC counsel put her on notice that "the issue of whether the negotiated settlement of [her] Heart and Lung Act claim . . . bars the present action was always a potential consideration. . . ." *Id.* Furthermore, because "the issue of what legal consequences, if any, follow from the published Adjudication of the State Civil Service appeal

---

[3] The Moving Defendants filed for summary judgment on December 20, 2006. Document No. 54. The remaining Defendants, with the exception of Frederick Knab, filed for summary judgment on November 30, 2006. Document No. 46. Plaintiff must respond to the former by February 5, 2007, and to the latter by January 15, 2007. December 5, 2006, Order of Court (Document No. 50).

2

of [Plaintiff's] termination is an issue based on essentially undisputed facts of which [P]laintiff was aware... no prejudice can have arisen at this point from that quarter." *Id.* The Moving Defendants assert that the Court should thus either allow amendment or interpret their Summary Judgment Motion so as to satisfy the requirements of FED. R. CIV. P. 8(c).[4]

Plaintiff counters by suggesting that this Motion was prompted more by negligence than by any "lack of prescience." Document No. 58, p. 1. It was, after all, the Department of Corrections that heard McDevitt's Heart and Lung Act claim, and transcripts of that hearing were available at least as early as January 2005. *See* Hearing Transcript, Document No. 54-27, p.2 (indicating the presence of DOC counsel and marked "Copy, January 18, 2005"). Plaintiff also asserts that leave to amend will operate considerable prejudice on her case. *Id.* at 2. Because discovery closed on September 29, 2006, Plaintiff will be unable to investigate possible conflicts of interest that could undermine any compromise agreement stemming from the December 2004 hearing; Plaintiff's representative at that proceeding, Keith J. Figured, Esq., was at the time a lawyer at Jennings Sigmond, P.C., which currently represents certain Defendants in this matter. *Id.* McDevitt also claims that leave to add *res judicata* or estoppel defenses to the Answer will similarly prejudice her case. Because the Moving Defendants concede that they obtained the Civil Service Adjudication transcript during discovery, their delay in seeking to amend the Answer deprives Plaintiff of "the opportunity to explore the qualifications of the adjudicating body in question...." *Id.* at 3.

## II.  DISCUSSION

In arguing that an affirmative defense need not be explicitly stated in a pleading, the Moving Defendants have implicated a split in federal authority demonstrated by such cases as *Monahan v. New*

---

[4] According to FED. R. CIV. P. 8(c): "In pleading to a preceding pleading . . . a party shall set forth affirmatively accord and satisfaction, . . . estoppel, . . . res judicata, . . . and any other matter constituting an avoidance or affirmative defense."

3

*York City Dep't of Corr.*, 214 F.3d 275 (2d Cir. 2000), and *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339 (D.C. Cir. 1997). The Second Circuit, articulating the majority approach, held that "[a]lthough *res judicata* is an affirmative defense that should be raised in the defendant's answer, the district court has the discretion to entertain the defense when it is raised in a motion for summary judgment, by construing the motion as one to amend the defendant's answer." *Monahan*, 214 F.3d at 283. The D.C. Circuit, however, after recognizing that "some circuits permit parties to raise affirmative defenses for the first time in dispositive motions where no prejudice is shown," concluded that this "approach subtly alters the structure dictated by Rules 8(c) and 15(a) . . . . [and] allows parties to omit affirmative defenses in pleadings strategically." *Harris*, 126 F.3d at 344. Accordingly, the court held that "Rule 8(c) means what it says: a party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion." *Id.* at 345.

Caselaw suggests that this Court may follow the *Monohan* approach. The Third Circuit has allowed district courts to consider an affirmative defense of qualified immunity raised for the first time at summary judgment. *Eddy v. V.I. Water & Power Auth.*, 256 F.3d 204 (3d Cir. 2001). The court held that

> a defendant does not waive an affirmative defense if he raised the issue at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond. . . . Thus, even though a motion for summary judgment is not the most appropriate way to raise a previously unpled defense of immunity, in cases in which the plaintiff was not prejudiced, we have held that there was no waiver.

*Id.* at 209 (citations omitted). *See also Charpentier v. Godsil*, 937 F.2d 859, 863-64 (3d Cir. 1991) (sanctioning a sovereign immunity defense not raised in the pleadings); *Williams v. Murdoch*, 330 F.2d 745, 749 (3d Cir. 1964) (allowing the affirmative defense of *res judicata* that the defendant first raised in a motion to dismiss); *G. R. Sponaugle & Sons, Inc. v. Hunt Constr. Group, Inc.*, 366 F. Supp. 2d 236, 242 (M.D. Pa. 2004) (permitting defendant to argue the affirmative defense of release at summary

4

judgment); *Int'l Poultry Processors, Inc. v. Wampler Foods, Inc.*, No. 98-4612, 1999 U.S. Dist. LEXIS 7025, at * 8 (E.D. Pa. April 29, 1999) (deciding the merits of a statute-of-frauds affirmative defense first asserted at summary judgment).

Accordingly, the Moving Defendants may validly assert affirmative defenses in their summary judgment motion if doing so works no prejudice on McDevitt. Alternatively, Defendants may amend their answer to add affirmative defenses. FED. R. CIV. P. 15 states that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

As a responsive pleading has been filed in this case and Plaintiff opposes the instant Motion, the Moving Defendants may only amend their Answer with leave of court. Such leave is to be liberally granted "when justice so requires." "This standard encompasses a broad range of equitable factors, including a party's delay in seeking leave to amend and any prejudice to the opposing party. Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

Thus, as with its Rule 8(c) inquiry, the Court's Rule 15 analysis also centers on the extent of any prejudice that a decision in favor of the Moving Defendants will effect on Plaintiff. However, the Court finds that the degree of prejudice necessary to defeat a motion for leave to amend is greater than the prejudice that would dissuade the Court from considering affirmative defenses not stated in a responsive pleading. "The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." *Robinson v. Johnson*, 313 F.3d 128, 134-

35 (3d Cir. 2002). On the other hand, the liberality that guides the Court's discretion in the Rule 15(a) context suggests that opposing parties carry a burden more considerable than mere surprise. That the Moving Defendants may not first state an affirmative defense at summary judgment would not necessarily mean that the Court should deny them leave to amend their Answer.

Additionally, a determination by the Court to grant the Moving Defendants leave to amend would not necessarily indicate that McDevitt suffers no prejudice. "The issue of prejudice requires that we focus on the hardship to the [opposing party] if the amendment were permitted. Specifically, we have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). McDevitt claims that if the Moving Defendants are allowed to amend their Answer, she will require further discovery to "explore the qualifications of the" Civil Service Panel that decided the appeal from her termination. Document No. 58. She also argues that had the accord-and-satisfaction argument "been initially raised as a defense, [she] could have supplemented the record in this regard with the deposition of Mr. Figured, and questioning of the deposed union officials on this point." *Id.*

The Court is unconvinced that the estoppel effect of Plaintiff's prior termination claim depends on the qualifications of the adjudicating panel. As the Third Circuit has found, "in a Title VII action a prior state decision enjoys issue preclusive effect only if rendered or reviewed by a court." *Roth v. Koppers Indus., Inc.*, 993 F.2d 1058, 1062 (3d Cir. 1993) (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 106 S. Ct. 3220, 92 L. Ed. 2d 635 (1986)). *See also Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 193 (3d Cir. 1993) ("We intimate no disrespect for the [Civil Service] Commission in stating that constitutional adjudication is not within its competence so as to bar a federal court from re-examining that legal issue."); *Heath v. Pa. Bd. of Prob. & Parole*, No. 99-6370, 2001 U.S. Dist. LEXIS 9288, at *3 (E.D. Pa. May 31, 2001) ("[N]o unreviewed state administrative findings, [including those] made

by ... the State Civil Service Commission, can have preclusive effect as regards [a plaintiff's] Title VII claims."). The legal consequences in this case of prior administrative rulings on the legality of Plaintiff's termination is not a factual question, and it certainly does not depend on the "qualifications" of the reviewing body. The Court also finds that Plaintiff could not be surprised that the Moving Defendants might leverage an earlier proceeding into a routine estoppel argument. Plaintiff has not been prejudiced by the introduction of that argument so late in this lawsuit and is free to squarely meet the defense in her response to the Movants' summary judgment motion.

The close of discovery, however, does prevent McDevitt from investigating the adequacy of her representation at the hearing on her Heart and Lung Act claim. While additional discovery will help uncover any conflict of interest that might nullify the release behind Movants' accord-and-satisfaction defense,[5] its necessity and cost at this stage in the litigation impose a burden on Plaintiff that could have been avoided had the Moving Defendants been more vigilant in anticipating viable arguments. While this prejudice convinces the Court that the accord-and-satisfaction defense should have been pleaded in the Answer, it does not compel the conclusion that the Moving Defendants have no right to amend that pleading. Probative here are the curative conditions that district courts may use to assuage resulting prejudice.

"The most common condition imposed on an amending party is costs." CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1486 (1990). "A trial court may deny leave to amend when the amendment would cause the opposing party to bear additional discovery costs litigating a new issue and the moving party does not offer to reimburse the nonmoving party for its expenses." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002). *See also Deakyne*

---

[5] Reopening discovery may also give all Parties a chance to place the release itself on the record. Without examining the merits of the accord-and-satisfaction defense, the Court notes that the Moving Defendants would be well-advised to premise their argument on the actual release, not mere evidence of its existence.

7

*v. Comm'rs of Lewes*, 416 F.2d 290, 299 n.16 (3d Cir. 1969) (noting that where a district court erred in not allowing amendment that would require a new trial, "it may not be inappropriate for the district court, in its discretion, to place on the [amending party] any additional costs to the [opposing party] as a result of a retrial"); *Martin v. Sands*, 62 F. Supp. 2d 196, 199 (D. Mass. 1999) (granting defendants' motion to amend, but finding that the timing of the motion justified an order that they bear the costs of plaintiff's additional discovery); *Brennan v. Arkay Indus.*, 164 F.R.D. 464, 468 (S.D. Ohio 1996) (granting plaintiff's motion to amend but ordering that he bear the cost of additional discovery relating to the amendment); *Leased Optical Dep'ts-Montgomery Ward, Inc. v. Opti-Ctr., Inc.*, 120 F.R.D. 476, 480-81 (D.N.J. 1988) (curing the prejudice arising from leave to amend the complaint by imposing on plaintiff the costs of defendant's additional discovery); *Mitchell v. Conn. Gen. Life Ins. Co.*, 697 F. Supp. 948, 955 (E.D. Mich. 1988) (imposing on plaintiff the costs of additional discovery prompted by the amendment to his complaint); *Hewlett-Packard Co. v. Factory Mut. Ins. Co.*, No. 04-2791, 2006 U.S. Dist. LEXIS 44365, at *58 (S.D.N.Y. June 28, 2006) (conditioning amendment on the moving party's "agreement to pay the reasonable fees and costs associated with any depositions that [the opposing party] will need to re-take as a result").

The Court joins Plaintiff's curiosity regarding why the Moving Defendants could not have pleaded in their Answer the affirmative defense of accord and satisfaction, which, after all, arises from a hearing that the DOC conducted months before becoming a party in this lawsuit. Nonetheless, with respect for the liberality of Rule 15 and in the interest of deciding this matter on its full merits, the Court will conditionally grant the requested leave to amend. Movants may file an Amended Answer that sets forth an affirmative defense of accord and satisfaction if they also agree to bear the costs of additional discovery related to the amendment.

An appropriate Order follows.

**AND NOW**, this 11th day of January, 2007, **IT IS HEREBY ORDERED** that the Motion to Amend Answer filed by Defendants Commonwealth of Pennsylvania, Department of Corrections – SCI Cresson, Beard, Wollanin, Markel, Chieke, Wilson, Knott, Eckenrode, Jadlocki, and Harris is **GRANTED IN PART** and **CONDITIONALLY GRANTED IN PART**. The Court will consider the affirmative defenses of *res judicata* or collateral estoppel as they are set forth in Defendants' Motion for Summary Judgment (Document No. 54). Defendants are granted leave to amend their Answer to state the affirmative defense of accord and satisfaction **ON THE CONDITION** that they also reimburse Plaintiff for the costs she incurs conducting any additional discovery that this defense necessitates. Without the moving Defendants' acceptance of this condition, the Court will neither grant leave to amend their Answer nor consider the accord-and-satisfaction defense as it is set forth in Defendants' Motion for Summary Judgment (Document No. 54).

**IT IS FURTHER ORDERED** that the moving Defendants have until **January 19, 2007**, to file with the Court either an affidavit stipulating that they will reimburse Plaintiff for discovery expenses—including attorney's fees—incurred as a result of challenging the accord-and-satisfaction defense, or a motion to withdraw their Motion to Amend Answer with regard to the affirmative defense of accord and satisfaction. Upon receipt of such an affidavit, the Court will reopen discovery as appropriate.

                                       **BY THE COURT:**

                                       /s/ Kim R. Gibson
                                       **KIM R. GIBSON**
                                       **UNITED STATES JUDGE**

**Cc: All counsel of record**

9